**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Conference of Police and Sheriffs Incorporated, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>County of Pima,<br><br>    Defendant. | No. CV-21-00512-TUC-SHR<br><br>**Order Denying Plaintiffs' Application for Preliminary Injunction** |

Pending before the Court is Plaintiffs Arizona Conference of Police and Sheriffs Incorporated (AZCOPS),[1] Dawn Barkman, and Joseph Murphy's "Application for Preliminary Injunction" ("Motion"). (Doc. 2.) On December 9, 2021, Plaintiffs filed their Complaint (Doc. 1) against Defendant Pima County ("County"), alleging the County's vaccine surcharge violates the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18001, because it creates a coercive and improper health-contingent, outcome-based wellness program. (Doc. 1 at 15.) Plaintiffs' Complaint seeks both declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. (2012), the ACA , and the Health Insurance Portability and Accountability Act ("HIPAA") of 1996, 42 U.S.C. § 1320d. (Doc. 1 at 2-3, 16.) Along with their Complaint, Plaintiffs filed the instant Motion, requesting "a preliminary injunction staying [the] County's vaccine surcharge on health insurance premiums for unvaccinated employees who have

---

[1]AZCOPS is a nonpartisan, nonprofit membership organization composed of law enforcement officers employed in the State of Arizona. (Doc. 1 ¶ 2.)

not sought and who do not qualify for a religious accommodation or medical exemption." (Doc. 2 at 12.) Defendant filed a response (Doc. 11) but Plaintiffs failed to submit a reply.[2] For the following reasons, the Court denies Plaintiffs' Motion.[3]

**I. Background**

The following facts are derived from Plaintiffs' Complaint. (Doc. 1.) Plaintiffs Dawn Barkman and Joseph Murphy are Sergeants with the Pima County Sheriff's Department. (Doc. 1 ¶¶ 5-6.) They are both Pima County residents and members of AZCOPS. (*Id.*) Plaintiffs Barkman and Murphy are beneficiaries and participants of the County's self-insured health insurance plan (the "Plan")—an insurance option available to eligible County employees. (Doc. 1 ¶¶ 12, 26.)

On September 20, 2021, the Pima County Board of Supervisors approved a surcharge of $45.51, per pay period, on employees enrolled in the County's Plan who failed to receive a Covid-19 vaccine and did not have "a valid medical or religious exemption." (Doc. 1 ¶¶ 1, 18, 22, 74, 79, 80; Ex. C.) The vaccine surcharge became effective November 1, 2021. (Doc. 1 ¶ 89.) Plaintiffs Barkman and Murphy are not vaccinated against COVID-19 and, as a result, their health insurance premiums increased by $45.51 per pay period beginning on November 1, 2021. (Doc. 1 ¶¶ 90-93.)

As noted, Plaintiffs AZCOPS,[4] Dawn Barkman, and Joseph Murphy filed this action against the County on December 9, 2021. (Doc. 1.) Plaintiffs allege the surcharge is coercive and violates the Affordable Care Act because the County "never identified or offered a reasonable alternative standard to being vaccinated" and never articulated how long the surcharge would remain in effect. (Doc. 1 ¶¶ 94-100.)

---

[2] Plaintiffs filed a stipulation to extend the time to file a reply to February 21, 2022 but did not file any reply or request another extension. (Doc. 12.)

[3] Neither party requested an evidentiary hearing for this matter. Failure to do so may waive that issue on appeal. *See Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) (citing *Jacobson & Co., Inc. v. Armstrong Cork Co.*, 548 F.2d 438, 442 (2d Cir. 1977)). Because there are no facts in dispute, the Court finds an evidentiary hearing unnecessary here. *Cf. Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir.1988) (evidentiary hearing not required before issuing a preliminary injunction if no facts are in dispute).

[4] AZCOPS alleges this action is brought "on behalf of its aggrieved members." (Doc. 1 ¶ 11.) At this stage, the Court assumes, without deciding, that AZCOPS has standing to assert this claim.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

## II. Preliminary Injunction Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)); *see also Am. Beverage Ass'n v. City & Cnty. of S.F.*, 916 F.3d 749, 754 (9th Cir. 2019). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Monarch Content Mgmt. LLC v. Ariz. Dep't of Gaming*, 971 F.3d 1021, 1027 (9th Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A plaintiff must show more than a mere "possibility" of irreparable harm—he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original); *see also Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) (injunction will not issue if party seeking injunctive relief shows "mere possibility of some remote future injury, or a conjectural or hypothetical injury"). The Ninth Circuit Court of Appeals, employing a sliding scale analysis, has also stated: "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2013) (quoting *All. for the Wild Rockies*, 632 F.3d at 1132) (sliding-scale test "remains viable" after *Winter* though movants "must also satisfy the other *Winter* factors")).[5]

---

[5] Neither party argues whether this case involves a mandatory injunction or a prohibitory injunction. *See Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) ("Mandatory injunctions, while subject to a higher standard than prohibitory injunctions, are permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). The Court finds it unnecessary to address which type of injunction is sought here because it would reach the same conclusion, irrespective of the type of injunction, based on Plaintiffs' failure to show irreparable harm.

- 3 -

### III. Discussion

Plaintiffs argue they "will be irreparably harmed if [the surcharge] is allowed to stand because of the financial burden of paying more for health insurance without a reasonable alternative standard." (Doc. 2 at 12.) Plaintiffs argue those who do not seek or qualify for a religious accommodation or medical exemption will have to pay the $45.51 surcharge, which is a "substantial amount for those living paycheck-to-paycheck." (Doc. 2 at 2.) Plaintiffs also contend these individuals "may also suffer other significant harms that monetary damages cannot remedy, including, but not limited to, inability to pay other obligations (such as a mortgage or car insurance), the inability to pay for life-saving medical care, and the disruption of support for dependents who need it." (Doc. 2 at 2.) Defendants argue the only harm Plaintiffs could suffer is pecuniary and injunctive relief is unwarranted because economic damages can later be remedied by a damage award if Plaintiffs prevail. (Doc. 11 at 4-5.)

The Court finds Plaintiffs have not shown they will likely suffer irreparable harm in the absence of relief because Plaintiffs' allegations are pecuniary in nature. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); *see also Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." (citation omitted)). Plaintiffs argue individuals *may* be unable to pay their mortgage, car insurance, for life-saving medical care, or provide support to dependents, but they provide no evidence identifying a member of this lawsuit facing such constraints due to the surcharge. *See Winter*, 555 U.S. at 20 (analysis should be focused on harm to party seeking injunctive relief rather than potential harm to third parties). Therefore, Court finds these alleged harms are too vague and speculative in nature to support a finding of irreparable injury.

*See Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) (if multiple contingencies need to occur before an injury becomes a concrete harm, it is "too speculative to constitute an irreparable harm justifying injunctive relief."). The Court also finds Plaintiffs have failed to show such potential injuries cannot be adequately remedied by monetary damages.

Plaintiffs contend there is no available retroactive remedy for people who only become vaccinated because they cannot afford not to. (Doc. 2 at 2, 10). Again, the Court finds this concern too speculative and without any factual support in the record. *See Goldie's Bookstore*, 739 F.2d 466 at 472; *see also Hernandez v. City of Phoenix*, 432 F. Supp. 3d 1049, 1068-69 (D. Ariz. 2020) (finding no irreparable injury when plaintiffs made a generalized argument and offered no testimony from particular members of AZCOPS).

Because Plaintiffs have not demonstrated they will likely suffer irreparable harm in the absence of preliminary relief, the Court need not evaluate the other *Winter* factors. *See All. for the Wild Rockies*, 632 F.3d at 1135 (explaining *Winter* test requires plaintiff "to make a showing on all four prongs"); *Dryden v. Nev.*, 2:16-cv-01227-JAD-EJY, 2020 WL 620651 at *6 (D. Nev. Feb. 10, 2020) (denying preliminary injunction where plaintiff failed to establish likelihood of irreparable harm and declining to evaluate the other *Winter* factors).

### IV. Conclusion

For the foregoing reasons, the Court concludes Plaintiffs have not met the standard for an injunction to issue. Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

Dated this 3rd day of March, 2022.

Honorable Scott H. Rash
United States District Judge